

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-170** |
| | § | |
| **JACKIE WAYNE REDD** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 27, 2007, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Jackie Wayne Redd, on **Count Two** of the charging **Indictment** filed in this cause.  Count Two of the Indictment charges that on or about May 24, 2006, in the Eastern District of Texas, Jackie Wayne Redd, Defendant herein, did distribute red phosphorous, a List I chemical as defined in Title 21, United States Code, Section

1

802, knowing or having reasonable cause to believe that the red phosphorous would be used to manufacture a controlled substance, namely, methamphetamine, in a manner other than as authorized by Title 21, United States Code, Sections 801 through 904, in violation of Title 21, United States Code, Section 841(c)(2).

Defendant, Jackie Wayne Redd, entered a plea of guilty to Count Two of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and

Defendant realizes that his conduct falls within the definition of the crime charged under 21 U.S.C. § 841(c)(2).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation.* If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. The Government and Defendant agreed that Jackie Wayne Redd is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere. The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven the following stipulated facts:

The evidence would show that on April 26, 2006, Jack Wayne Reed, the Defendant, was lawfully stopped for observed traffic violations by law enforcement officers in the parking lot of 1295 N. Main Street, Vidor, Texas, which is located in the Eastern District of Texas. During that traffic stop, law enforcement officers observed a small glass pipe coated with burnt residue in plain view on the seat of the Defendant's vehicle. Said pipe was consistent in size, shape and appearance with drug paraphernalia used to ingest controlled substances. A lawful probable search was conducted on the Defendant's vehicle.

That search produced the following:

(1) 29.8 grams of red phosphorous that had been contaminated with a detectable amount of methamphetamine residue during the process of using that List I chemical in the manufacture of methamphetamine;

(2) 115.3 grams of iodine (chemical used in the manufacture of methamphetamine);

(3) 1.64 grams of methamphetamine at 97-98% purity;

(4) Eight ounces of peroxide, a chemical used in the manufacture of methamphetamine;

(5) One pound of epsom salts, a chemical used in the manufacture of methamphetamine;

(6) A used coffee filter impregnated with the residue of methamphetamine left over from the methamphetamine manufacturing process;

(7) Various items of drug paraphernalia associated with the manufacture of methamphetamine.

Evidence would also show that, post-*Miranda*, Defendant admitted that he knew the red phosphorous was in his vehicle and that it was used in the manufacture of methamphetamine. On May 24, 2006, the Defendant was also contacted by a cooperating individual working under the close supervision of Department of Public Safety narcotics investigators regarding the purchase (from the Defendant) of red phosphorous. Also, evidence would show that during a preparatory recorded phone conversation, the Defendant was told by the cooperating individual

that he/she wished to purchase the red phosphorous for another person who intended to use the chemical to cook methamphetamine. During said phone call, the defendant negotiated with the cooperating individual for a price of $250.00 in United States funds for one ounce of red phosphorous. Previous to that phone call, the Defendant had advised the cooperating individual that he wanted to sell some of his red phosphorous so that he could raise money to buy pseudoephedrine.

The evidence would further show that the Defendant delivered 55.5 grams of red phosphorous under controlled buy circumstances to the cooperating individual in return for $500.00 in United States funds. That hand delivery took place in the parking lot of 4545 College Street, Beaumont, Texas, which is located in the Eastern District of Texas.

The Government would finally establish that the seized/purchased red phosphorous was tested for weight, chemical composition and contamination by the Drug Enforcement Administration (DEA) crime laboratory. A properly qualified narcotics investigator would have testified that (1) red phosphorous is a chemical used to manufacture ("cook") methamphetamine; (2) red phosphorous when used to cook methamphetamine leaves tell-tale methamphetamine contamination in the red phosphorous, (3) that epsom salts and iodine are also chemicals used to cook methamphetamine in combination with red phosphorous, and (4) pseudoephedrine is a chemical that is used to cook methamphetamine.

Defendant, Jackie Wayne Redd, agreed with the above-stated facts and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence

presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count Two** of the charging **Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[1]  Accordingly, it is further recommended that, Defendant, Jackie Wayne Redd, be finally adjudged as guilty of the charged offense under Title 21, United States Code, Section 841(c)(2).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.  *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge

must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 27th day of December, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE